## Sadieville Milling Co. v. Cincinnati, New Orleans & Texas Pacific Railway Co.

(Decided March 20, 1913.)

### Appeal from Scott Circuit Court.

1. Trial—Verdict of Jury.—Where the evidence is so conflicting that a verdict in behalf of either party could not be set aside on the ground that it was palpably against the weight of the evidence, this court will not disturb the finding of the jury on the facts.

2. Evidence—Where the evidence for the complaining party tended to show that a fire was started by sparks from an engine that passed the premises on the 17th, it was not error to admit evidence showing that the spark arrester on the engine was inspected on the 20th and found to be in first-class condition, when the evidence showed that there had been no repair made on the engine between the 17th and the 20th.

B. M. LEE for appellant.

BRADLEY & BRADLEY and JOHN GALVIN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

On the first trial of this case there was a verdict and judgment against the railway company. This judgment, on appeal of the company, was reversed and a new trial ordered, because there was not sufficient evidence to sustain it. On another trial the jury returned a verdict in favor of the railway company, and from the judgment dismissing its petition the milling company appeals.

The facts, except in a few particulars, that will be noticed, are fully stated in the former opinion in 137 Ky., 568, and so we will only make such reference to the facts as may be necessary to illustrate the grounds relied

on for reversal, which are: (1) alleged error in the admission of evidence, and (2) that the verdict is flagrantly against the evidence.

The evidence for the milling company on the last trial was the same as on the first, except that it introduced one witness who did not testify on the first trial, and the testimony of this witness strengthened, to some extent, the case of the milling company. But, notwithstanding this, the jury, under proper instructions, found that the railway company was not responsible for the fire.

This is one of that numerous class of cases that a jury might decide either way without going far wrong and with the new evidence for the milling company in the record, we would not say that the verdict was flagrantly against the evidence if the jury had found for the milling company; but unless there was some error of law committed by the trial court to the prejudice of the milling company, we could not order a new trial on the ground that the verdict was against the evidence without usurping the place of the jury and putting our opinion upon a question of fact against theirs, and this we have repeatedly declined to do, upon the ground that the jury are as well, if not better, qualified than we are to settle disputed questions of fact.

Counsel for appellant earnestly contend that the evidence introduced for the first time on the last trial makes it plain that the fire that resulted in the destruction of the property of the milling company was started by sparks from a passing engine of the railway company; but the jury thought differently, and the verdict is not so palpably against the weight of the evidence as to warrant our interfering with it if the record is free from errors of law, and this feature of the case we will now look into.

The uncontradicted evidence shows that the fire was discovered about four o'clock in the morning, and that one southbound train passed Sadieville at 1:01 a. m., another at 1:23 a. m., and another at 3:00 o'clock a. m., all these trains being sections of one train known as number fifty-one, and that one northbound train passed Sadieville at 1:19 a. m., and another at 1:50 a. m. All the evidence for the milling company throwing light on the transaction showed that the fire was started by a southbound train that did not stop at Sadieville, and the only reasonable and fair inference from the evidence in be-

half of the milling company is that the fire was started by the southbound train that passed Sadieville at 3:00 a. m., about one hour before the fire was discovered. That the theory of the milling company is that the fire was started by this engine that passed at 3:00 a. m., is made clear by brief of counsel for the milling company, in which it is stated that,

"At 3:00 o'clock a. m., on July 17, 1908, the appellee's freight train, third-fifty-one, pulled by engine 684, passed this stable and did not stop at Sadieville. It was about one hour late and was running fast to gain time. Passing this stable was upgrade. A man was asleep in a wagon within a few feet of this stable and was awakened by the noise from this train, and found live sparks falling all around him and in the wagon where he slept. He stamped out some of them and left the place; in about an hour afterwards heard the fire alarm and went back and saw the stable burning just where he had seen the sparks fall."

But independent of this admission of counsel, that the fire was started by the train that passed at 3:00 a. m., and which was pulled by engine 684, there can be no reasonable doubt about the proposition that if the fire was started by sparks from a passing train, it was started by the third section of number fifty-one, pulled by engine 684, that passed Sadieville at 3:00 a. m. We have set out these facts with some detail because of the insistence of counsel for the milling company that the trial court committed error in permitting the railway company to prove that the spark arrester on engine 684 was in first-class condition a few days after the fire occurred, there being no evidence as to the condition of the spark arresters on the other engines.

It appears from the evidence introduced in behalf of the railway company that engine 684 left Ludlow, a terminal point, on its way south on the night of the 17th of July, and returned to Ludlow on the 18th of July, and that the spark arrester was inspected before it left Ludlow and again on the 20th of July, and that these inspections showed that the spark arrester was in first-class condition.

Now the objection pointed out by counsel for the milling company to this evidence is, that the inspection on July 20th, about three days after the fire, was too far away from the accident to be competent. There would

be much force in this argument if there was any evidence conducing to show that the engine had been inspected after its return on the 18th and before the inspection testified to on the 20th; but there is no evidence whatever conducing to show that any inspection was made of the engine or repair of it between the time of its return and the time of the inspection on the 20th. On the contrary, the evidence shows that no inspection was made after the return of the engine until the 20th.

Under the circumstances, we think the evidence was competent, and as this is the only objection urged to the evidence, no error of law was committed by the trial court, and the judgment is affirmed.